IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-19-JFF |
| MARIO WOODING, | : |
| Defendant. | : |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Mario Wooding, by and through his undersigned counsel, Edson A. Bostic, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all physical evidence illegally seized from Mr. Wooding on or about January 8, 2007, and any and all alleged statements made to law enforcement officers.

In support of this motion, Mr. Wooding avers as follows:[1]

1. On January 8, 2007, Wilmington paramedics responded to an emergency phone call at the home of Mr. Wooding's girlfriend. Officer Burton, a patrolman with the Wilmington Police Department, also responded to the call.

---

[1] The facts contained in paragraphs 1-6 of this motion were taken from the arresting officer's January 8, 2007 Initial Crime Report and Narrative Inquiry ("Exhibit A"). Although Mr. Wooding cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officer. In paragraph 8 of this motion, Mr. Wooding highlights the key factual disputes in this matter and submits that an evidentiary hearing is needed to further develop the facts, which are determinative of this motion.

2. Officer Burton arrived at the scene and saw medical services attending to Mr. Wooding, who was incoherent and lying on the ground.

3. The paramedics "asked [Mr. Wooding] his name several times but met with negative results." According to Officer Burton, the paramedics located Mr. Wooding's pants and boots in an alleged attempt to find his identification.

4. One of the paramedics searched inside of Mr. Wooding's pants and boots and found 19 small plastic bags containing a white, powder-like substance, a semi-automatic handgun, a magazine containing six rounds and three loose rounds. Officer Burton secured these items and subsequently discovered that Mr. Wooding had three outstanding warrants.

5. The paramedics informed Officer Burton that Mr. Wooding did not require further medical attention. At this time, Officer Burton arrested Mr. Wooding and transported him to the police station.

6. Officer Burton alleges that after he administered Mr. Wooding's <u>Miranda</u> rights, Mr. Wooding allegedly stated that the drugs and handgun belonged to him, and that he was a drug dealer. Officer Burton then field tested the white, powder-like substance contained in the confiscated bags, which tested positive for heroin.

7. On February 6, 2007, Mr. Wooding was indicted for knowingly possessing a mixture of heroin, a controlled substance, with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), knowingly possessing a firearm in furtherance of drug trafficking to wit, possession of heroin with the intent to distribute it, in violation of 18 U.S.C. § 942(c)(1) and (b)(1)(C), and knowingly possessing a firearm that has been transported in interstate commerce to Delaware, in violation of 18 U.S.C. § 922(g)(1) and 924 (a) (2).

8. There are three key factual disputes in this matter. First, Mr. Wooding submits that Officer Burton, who did not have a warrant, immediately searched his girlfriend's home upon arrival at the scene. Second, Mr. Wooding contends that Officer Burton's assertion that the paramedics did not know his identification prior to searching his pants and boots is inaccurate. Third, Mr. Wooding did not knowingly give any statements to Officer Burton or any other law enforcement officer regarding the drugs, handgun or his alleged role as a drug dealer.

9. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. CONST. Amend. IV. A warrantless search and seizure inside of an individual's home is "presumptively unreasonable unless the occupants consent or probable cause and exigent circumstances exist to justify the intrusion." United States v. Cole, 437 F.3d 361, 365 (3d Cir. 2006) (emphasis in original); see also United States v. Myers, 308 F.3d 251 (3d Cir. 2002) ("Probable cause is an indispensable element for a warrantless search of a dwelling even in the presence of exigent circumstances.") (citation omitted); United States v. Rubin, 474 F.2d 262, 268 (3d Cir. 1974) (stating that "inherent necessities of the situation at the time must be scrutinized"). "Exigent circumstances, however, do not meet the Fourth Amendment standards if the government deliberately creates them." Cole, 427 F.3d at 366.

10. In the present case, the search of Mr. Wooding's pants, boots and girlfriend's home was unreasonable because the arresting officer, who did not have a warrant, immediately searched the home upon arrival, and the paramedics knew Mr. Wooding's name prior to their search of his pants and boots. Because the search was illegal, all evidence seized from this illegal search, including any alleged statements taken from Mr. Wooding following his arrest, must be suppressed in accordance with the "fruit of the poisonous tree doctrine" expressed in Wong Sun v. United States, 371 U.S. 471

(1963).

11.     Mr. Wooding also submits that any alleged statements made during, or subsequent to, his illegal search and seizure should be suppressed pursuant to the Fifth Amendment and Miranda v. Washington, 384 U.S. 436, 444 (1966) (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement).

12.     Here, Mr. Wooding did not knowingly make any statements to police officers regarding drugs, guns or his relationship to them. "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Jackson v. Denno, 378 U.S. 368, 380 (1964). Once the defendant challenges the admissibility of an alleged statement, the Government bears the burden of establishing compliance with Miranda and its progeny, and must demonstrate that the suspect knowingly, intelligently and voluntarily waived his or her rights. Id. at 444.

13.     Mr. Wooding reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Mr. Wooding respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized from Mr. Wooding on or about January 8, 2007, including any and all alleged statements made to law enforcement officers.

                                            Respectfully submitted,

                                            /s/
                                            Edson A. Bostic, Esquire
                                            Federal Public Defender
                                            Tieffa N. Harper
                                            Research & Writing Attorney
                                            First Federal Plaza
                                            704 King Street, Suite 110
                                            Wilmington, DE  19801
                                            (302) 573-6010
                                            Attorneys for Mario Wooding

Dated: April 16, 2007

## **CERTIFICATE OF SERVICE**

Undersigned counsel certifies that the attached pre-trial motion of Defendant, Mario Wooding is available for public viewing and downloading and was electronically delivered on April 16, 2007 to:

Edmond Falgowski, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

/s/
Edson A. Bostic, Esquire
Federal Public Defender
Tieffa N. Harper
Research & Writing Attorney
First Federal Plaza
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorneys for Mario Wooding

Dated: April 16, 2007