*Filed in open Court this 18th day of April 2008*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 07-19-JJF |
| ) | |
| MARIO T. WOODING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and the defendant, Mario T. Wooding, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to Count 2 of the Indictment, charging Possession of a Firearm During and in Relation to a Drug Trafficking Offense, in violation of Title 18, United States Code, Section 924(c)(1), which carries the maximum penalty of life incarceration and not less than five years incarceration which cannot be substituted with probation and which cannot run concurrently with any term of imprisonment imposed, a $250,000 fine, three years supervised release, and a $100 special assessment. The United States will move to dismiss the remaining counts of the Indictment at sentencing.

2. The elements of Possession of a Firearm During and in Relation to a Drug Trafficking Offense are as follows:

    a. The defendant committed a drug trafficking crime that may be prosecuted in a court of the United States;

      b.   The defendant possessed a firearm in furtherance of such crime;

      c.   The possession of the firearm advanced the offense in some way.

3.   Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

4.   The defendant agrees to pay the special assessment of $100 the day of sentencing. Should he fail to do so and the Court orders a prison sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of any outstanding debt ordered.

5.   The defendant agrees to not contest any state and/or federal administrative forfeiture proceedings regarding a .25 caliber, semi-automatic pistol, manufactured by Raven Arms, serial number 495350, seized by Wilmington Police Department officers on or about January 8, 2007, and to otherwise forfeit to the United States any interest he may have in that firearm.

6.   The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant

expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Edson A. Bostic, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

_____
Mario T. Wooding
Defendant

Dated: 4/12/08

AND NOW, this __18__ day of __April__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Court

3